UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| FRANK STALLINGS, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 16-69-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| SANDRA BUTLER, Warden, FCI-Manchester,[1] | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |

**\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\***

Inmate Frank Stallings has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1], challenging his 240-month federal sentence.[2]  Because a § 2241 petition is not the proper vehicle for obtaining the relief sought, the petition will be denied.

**I.**

On June 23, 2005, Stallings was arraigned in West Palm Beach, Florida and charged with possessing with intent to distribute 500 or more grams of cocaine in violation of 21

---

[1]  Stallings, Bureau of Prisons ("BOP") Register No. 75323-004, identified the Respondent to this action as "Warden, FPC-Manchester."    [Record No. 1, p. 1]  Stallings is confined in the Federal Correctional Institution ("FCI")-Manchester.  *See* https://www.bop.gov/inmateloc/ (last visited on August 3, 2016). The Court takes judicial notice of the fact that the current Warden of FCI-Manchester is Sandra Butler.  Therefore, the Clerk of the Court will be instructed to identify on the CM/ECF cover sheet Sandra Butler, Warden of FCI-Manchester, as the Respondent.

[2]  Stallings filed his § 2241 petition on April 14, 2016, in the United States District Court for the Middle District of Florida.  *Frank Stallings v. Warden, FPC Manchester*, No. 5:16-CV-278-Oc-10PRL (M.D. Fla. 2016) [Record No. 1].  On April 26, 2016, that court transferred Stallings's § 2241 petition to this district, pursuant to 28 U.S.C. § 2241(d), because the Warden of FCI-Manchester is located in this district.  [Record No. 2]

U.S.C. § 841(a) and conspiring to possess with intent to distribute cocaine in violation of 21 U.S.C. § 846.  *United States v. Frank Stallings*, No. 9: 05-CR-80092-DTKH-4 (S.D. Fla. 2005).  Stallings later pled guilty to the charges.

Prior to his July 21, 2006, sentencing hearing, Stallings filed objections to the presentence report, contending that he should not be considered a career offender under U.S.S.G. § 4B1.1(a) because: his two prior drug convictions were entered 12 and 14 years before his current offense; the prior convictions had not been proved by jury verdict; and applying the enhancement would triple his sentence, rendering it unreasonable under 18 U.S.C. § 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005).  Stallings argued that he should be sentenced below the applicable guidelines range.  However, in his plea agreement Stallings agreed that he would not argue for a sentence below his guidelines range.  On July 24, 2006, the district court found Stallings in breach of the plea agreement and his guilty plea was ordered withdrawn.

Thereafter, the United States filed a notice pursuant to 21 U.S.C. § 851 of its intent to seek enhanced penalties in light of Stallings's prior felony drug convictions. The prior convictions included a 1995 Florida conviction (Case No. 93-7804-CF-AO2) for trafficking in cocaine, and a 1991 Florida conviction (Case No. 91-347-CF-AO2) for possessing marijuana with intent to distribute it.  If either of these prior convictions qualified as valid predicates under 21 U.S.C. § 841(b), Stallings faced a statutory minimum of 120 months and a maximum of life in prison.

A few days later, and facing enhanced penalties, Stallings had another change of heart and agreed to plead guilty.  During the sentencing hearing, Stallings did not challenge either the validity of his prior convictions or their use as valid predicate offenses for the career offender enhancement.  *United States v. Stallings*, No. 06-14542-HH, 2006 WL 5062504, at *8–9 (11th Cir. 2006) (Brief of Appellee).  On July 31, 2006, the district court sentenced Stallings to a 240-month term of incarceration on each count to be served concurrently. *United States v. Stallings*, No. 9:05-CR-80092-DTKH–4 (S.D. Fla.2005). Assuming the validity of both predicate offenses, Stallings's offense level was 34, resulting in a guideline range of 262 to 327 months.  *United States v. Stallings*, No. 06-14542-HH, 2006 WL 5062503, at *6 (11th Cir.2006) (Brief of Appellant). Thus, Stallings's 240-month sentence was below his guidelines range.

On direct appeal, Stallings did not challenge the propriety of using either conviction as a valid predicate for the career offender enhancement.  Instead, Stallings argued that his sentence was substantively unreasonable, even though the trial court exercised its discretion to depart downward by applying a minor role reduction under U.S.S.G. § 3B1.2(b).  On September 6, 2007, the Eleventh Circuit affirmed Stallings's sentence.  *United States v. Stallings*, 240 F. App'x 359 (11th Cir. 2007).

Stallings then moved the sentencing court to vacate his sentence under 28 U.S .C. § 2255.  He claimed, without explanation, that his counsel was constitutionally ineffective and that his 1991 marijuana conviction did not constitute a valid predicate offense to support the career offender enhancement.  In its response to the latter claim, the government noted that:

- 3 -

In any event, however, the conviction clearly was a qualifying one. The details
are set forth in paragraph 52 of movant's PSI.  According to the probable
cause affidavit, movant was the driver of a vehicle which engaged police in a
high-speed chase.  The vehicle was later searched and found to contain 14
small baggies of marijuana. Movant pled and was adjudicated guilty of
possession of marijuana with intent to sell, and sentenced to 18 months
imprisonment.  This qualifies as a "prior felony conviction" for a "controlled
substance offense" under the plain language of USSG § 4B1.1 (career offender
provisions).

*Stallings v. United States*, No. 9:08-CV-81001–DTKH (S.D. Fla.2008) [R. 8 therein, pp.

1617].  The district court agreed and, on February 18, 2009, denied Stallings's motion.

Thereafter, the Eleventh Circuit denied a certificate of appealability.

On December 20, 2010, Stallings filed a 28 U.S.C. § 2241 habeas petition in the

Middle District of Florida.  He argued that neither of his prior state drug convictions were

valid predicate offenses to support the career offender enhancement.  *Frank Stallings v.*

*Warden, FCC Coleman-Low*, No. 5:10-CV-675-JDW-TBS (M.D. Fla. 2010) ("the Florida §

2241 Petition")  Citing *Johnson v. United States*, 559 U.S. 133 (2010), and *Carachuri–*

*Rosendo v. Holder*, 560 U.S. 563 (2010), Stallings contended that his 1991 conviction

involved less than 20 grams of marijuana and, therefore, was not punishable for more than

one year under Fla. Stat. § 775.082–.084.  Additionally, he argued that his 1993 conviction

involved less than 28 grams of cocaine and did not constitute trafficking under Fla. Stat. §

893.135(1)(b).

The Middle District of Florida denied the claim, finding that Stallings could not use §

2241 to challenge to his below-guidelines sentence, citing *Gilbert v. United States*, 640 F.3d

1293, 1315 (11th Cir. 2011) (holding that 28 U.S.C. § 2255(e) "does not authorize a federal

prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum."). [*Id.*, Record No. 9, therein; Judgment at Record No. 10, therein]   On appeal, the Eleventh Circuit affirmed the denial of the Florida § 2241 Petition, holding that habeas relief was not available under § 2241 to address Stallings' claims of sentencing error. *Stallings v. United States*, 519 F. App'x 675 (11th Cir. 2013).

On November 20, 2014, Stallings filed a second § 2241 petition with this Court. *Frank Stallings v. Warden Butler*, No. 6:14-CV-223-KKC (E.D. Ky. 2014) ("the First Kentucky § 2241 Petition")  Stallings argued that, under *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276, 186 L.Ed.2d 438 (2013), the district court had improperly enhanced his federal sentence.  He claimed that the locus of conduct proscribed by Florida's cocaine trafficking statute (Fla. Stat. § 893.135) is broader than the generic version of controlled substances offenses set forth in U.S.S.G. § 4B1.2(b), and that his guidelines sentence was above the statutory minimum for his offenses.  [*Id.*, Record No. 1, therein, at pp. 7-8]

On May 18, 2015, the Court denied the First Kentucky § 2241 Petition.  [*Id.*, Record No. 6, therein]  The Court first explained that Stalling's challenge to his sentence, as opposed to his conviction, did not fall within the reach of the savings clause found in 28 U.S.C. § 2255(e).  [*Id.*, at p. 5].  The Court also explained that Stallings's reliance on *Descamps* was unavailing, because *Descamps* only clarified that resort to the "modified categorical approach" (versus the "categorical approach") is not appropriate where the underlying state

conviction was pursuant to an indivisible statute, and that Stallings did not allege that the government or the trial court impermissibly analyzed his prior offenses using the modified categorical approach.  [*Id*., at p. 6, therein]  Stallings did not appeal the denial of the First Kentucky § 2241 Petition.

## II.

In conducting an initial review of habeas petitions under 28 U.S.C. § 2243, the Court should grant the relief sought "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).  However, because Stallings is not represented by an attorney, the Court evaluates his petition under a more lenient standard.  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007)  At this stage of the proceedings, the Court accepts Stallings's factual allegations as true and liberally construes his legal claims in his favor.

Stallings continues to challenge the district court's determination that he qualified as a career criminal and the resulting enhancement of his federal sentence based on his prior Florida state court marijuana sentence.  He contends that three Supreme Court cases apply retroactively to his situation and entitle him to relief from his 240-month federal sentence: *Descamps*; *Persaud v. United States*, 134 S.Ct. 1023 (2014); and *Moncrieffe v. Holder*, ___

U.S. \_\_\_, 133 S.Ct. 1678, 185 L.Ed.2d 727 (2013).[3]  [Record No. 1, pp. 4-7]  As explained

below, the cited cases do not entitle Stallings to the relief sought.

### III.

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal

conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is

challenging the execution of his sentence (i.e., the BOP's calculation of sentence credits or

other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d

458, 461 (6th Cir. 2001); *see also Charles v. Chandler*, 180 F.3d 753, 755-56 (6th Cir.

1999). The Sixth Circuit has provided the following explanation of the difference between

the two statutes:

> [C]ourts have uniformly held that claims asserted by federal prisoners that
> seek to challenge their convictions or imposition of their sentence shall be
> filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and
> that claims seeking to challenge the execution or manner in which the sentence
> is served shall be filed in the court having jurisdiction over the prisoner's
> custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (internal quotation marks

omitted).  In short, 28 U.S.C. § 2255 as opposed to § 2241 provides the primary avenue for

federal prisoners seeking relief from an unlawful conviction or sentence.  *See Capaldi v.*

*Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003).

The "savings clause" of § 2255(e) provides a narrow exception to this general rule.

Under this clause, a prisoner may to challenge the legality of his conviction through a § 2241

petition if his remedy under § 2255 "is inadequate or ineffective" to test the legality of his

---

[3] The BOP currently projects that Stallings's release date (from federal custody) will be
December 1, 2022.  *See* https://www.bop.gov/inmateloc/ (last visited on August 3, 2016).

detention. 28 U.S.C. § 2255(e).  This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief.  *Charles*, 180 F.3d at 756.

Alternatively, a prisoner proceeding under § 2241 can utilize the savings clause of § 2255 if he alleges "actual innocence."  *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003).  However, a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case."  *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective."  *Charles*, 180 F.3d at 756.  Here, however, Stallings is not challenging the execution of his sentences. Instead, he contends that the district court improperly used his prior state court marijuana conviction to enhance his federal sentence.   In short, Stallings is challenging the constitutionality of his federal sentence on Fifth and Sixth Amendment grounds under § 2241 *via* the "savings clause" of § 2255(e).  However, § 2241 is not the proper mechanism for asserting these claims.

A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is inadequate or ineffective.  *See Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012); *Charles*, 180 F.3d at 756.  This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction

- 8 -

motion under § 2255 but was denied relief.  *Id*.  The remedy under § 2255 is not inadequate where a petitioner either failed to assert a legal argument in a § 2255 motion, or where he asserted a claim but was denied relief on it.  *Id*. at 756-58; *Rumler v. Hemingway*, 43 Fed. App'x 946, 947 (6th Cir. 2002). It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective."  *Charles*, 180 F.3d at 756.

Stallings has not carried that burden in this proceeding.  In his current petition, Stallings essentially rehashes the same sentencing challenges which he previously but unsuccessfully raised in both his § 2255 proceeding and in his two prior § 2241 proceedings. As *Charles* dictates, Stallings cannot use § 2241 to recycle the same claims which were previously but unsuccessfully advanced in a § 2255 motion.  Section 2241 is not an additional, alternative, or supplemental remedy to the one provided in § 2255.  *Charles*, 180 F.3d at 758-60; *see also Lucas v. Berkebile*, No. 7:11-CV-28-HRW, 2012 WL 2342888, at *2 (E.D. Ky. June 19, 2012) ("Section 2241 is not available to a petitioner who merely wishes to reargue claims considered and rejected in a prior motion under Section 2255.")

Stallings now relies on the Supreme Court's GVR order (that is, "Grant, Vacate and Remand") in *Persaud*, but that order does not support his argument.  The defendant in *Persaud* sought to challenge a sentencing enhancement in a § 2241 petition and the savings clause of § 2255.  The government argued against the position.  However, on appeal, the Solicitor General changed course and took the view that a petitioner can challenge a sentencing enhancement through the savings clause, then asked the Supreme Court to remand the case to the Fourth Circuit for reconsideration in light of the United States' new

position. *See* Brief of Appellee at \*22–23, *Persaud*, 134 S.Ct. at 1023. The Supreme Court acquiesced and issued a GVR order. *Persaud*, 134 S.Ct. at 1023. However, the Supreme Court's GVR order was not a reversal on the merits, nor was it a suggestion that the Fourth Circuit was wrong. *See Communities for Equity v. Mich. High Sch. Athletic Ass'n*, 459 F.3d 676, 681 (6th Cir. 2006). Rather, the GVR order was "a device that allows a lower court that had rendered its decision without the benefit of an intervening clarification to have an opportunity to reconsider that decision and, if warranted, to revise or correct it." *Gonzalez v. Justices of the Mun. Ct. of Boston*, 420 F.3d 5, 7 (1st Cir. 2005).

The Fifth Circuit has held that *Persaud* did not assist a prisoner challenging his sentence under § 2241 because the ruling was not substantive decision. *See Vinson v. Maiorana*, 604 F. App'x 349 (5th Cir. 2015); *Sharbutt v. Vasquez*, 600 F. App'x 251 (5th Cir. 2015). Similarly, this Court has previously concluded that the GVR order in *Persaud* gave the Fourth Circuit an opportunity to reconsider its own decision, but that it does not give other district courts, including this one, free license to ignore binding circuit precedent. *See*, *e.g.*, *Boyd v. Quintana*, No. 15-CV-4-DCR, 2015 WL 3503271, at \*3 (E. D. Ky. June 3, 2015) (denying a § 2241 petition in which the federal prisoner challenged only his enhanced sentence, and rejecting as unpersuasive his reliance on *Persaud*); *Parker v. Holland*, No. 15-CV-48-GFVT, 2015 WL 4458886, at \*9 (E.D. Ky. July 21, 2015); *Wells v. Synder-Norris*, No. 15-CV-17-HRW, 2015 2356692, at \*8 (E. D. Ky. May 15, 2015) (same); *Alexander v. Sepanek*, No. 14-160-ART (E.D. Ky. Apr. 15, 2015) [R. 12, therein] (same). Another district court in this circuit has also recently concluded that *Persaud* does not support a sentence

- 10 -

challenge under § 2241, explaining that *Persaud* applies to a limited set of facts in a case decided in another circuit and that it carries no precedential effect in this circuit.  *See King v. Terris*, No. 2:14-CV-14267, 2015 WL 3888163, at \*6 (E. D. Mich. June 24, 2015).[4]  Thus, the Court determines that *Persaud* does not support Stallings' sentence challenge.

Stallings next contends that, under the Supreme Court's recent decision in *Descamps*, the district court should not have classified him as a career criminal, arguing that Descamps created a new rule of law and applies retroactively to cases on collateral review, such as his § 2241 petition.  In *Descamps*, the Supreme Court examined whether a state-law burglary conviction qualified as a "violent felony" within the meaning of the Armed Career Criminal Act ("the ACCA"), 18 U.S.C. § 924(e).  *Descamps*, 133 S.Ct. at 2282.

As a preliminary matter, Stallings previously asserted a claim based on *Descamps* in the First Kentucky § 2241 Petition and this Court squarely rejected his *Descamps* argument just fifteen months ago.  Addressing Stallings's current argument that *Descamps* applies retroactively, Stallings ignores the fact that a new rule is not made retroactive to cases on

---

[4]  In denying the § 2241 petition based in part on *Persaud*, the Michigan district court explained:

> Neither the Solicitor General's argument in *Persaud* nor the action of the Supreme Court in that case permits Petitioner to seek relief under § 2241.  First, while the Solicitor General conceded that a federal prisoner is not categorically barred form challenging a sentencing enhancement under § 2241, he did not suggest that a prisoner may bring such a challenge if he could have previously raised the argument in a § 2255 motion.  On the contrary, the Solicitor General said: "the erroneous imposition of a mandatory minimum sentence is a fundamental defect that warrants correction under the savings clause when the defendant otherwise had no opportunity to raise it."  *Id*. at \*21 (emphasis added)."

*King*, 2015 WL 3888163, at \*6.

collateral review unless the Supreme Court holds it to be retroactive.  *Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001).

This Court and other district courts have consistently determined that *Descamps* contains no language indicating that the Supreme Court intended for its ruling to be applied retroactively to cases on collateral review.  *See Farkas v. Holland*, No. 6:14-CV-150-DLB, 2014 WL 6065856, at *4 (E.D. Ky. Nov. 12, 2014) (finding that *Descamps* does not apply retroactively to cases on collateral review, under either 28 U.S.C. § 2241 or § 2255); *United States v. Patrick*, No. 6:06-CR-34-DCR, No. 6:14-CV-7357-DCR, 2014 WL 2991857, at *2 (E.D. Ky. Jul. 2, 2014) (finding that the holding in *Descamps* has no retroactive effect); *Wilson v. Holland*, No. 6:13-CV-164-DCR, 2014 WL 517531 at *3 (E.D. Ky. Feb. 10, 2014) (*Descamps* has not been made retroactive to cases on collateral review); *Hoskins v. Coakley*, No. 4:13-CV-1632, 2014 WL 245095, at *5 (N.D. Ohio Jan. 22, 2014) (*Descamp*s does not apply retroactively); *Jenkins v. United States*, No. 1:08-CR-209-CC-JSA-1, 2014 WL 2918677, at *3 (N.D. Ga. June 26, 2014) (*Descamps* does not apply retroactively and is not grounds for invoking § 2255(f)(3)); *Roscoe v. United States*, Nos. 2:11-CR-37-JHH–RRA, 2:13-CV-8006-JHH, 2013 WL 5636686, at * 11 (N.D. Ala. Oct. 16, 2013) ("The Supreme Court has not declared its decision in *Descamps* to be retroactively available on collateral review, nor has the court found any cases applying *Descamps* retroactively to cases on collateral review. Therefore, the court refuses to do so here.").  Based on this authority, *Descamps* has no retroactive effect and does not support Stalling's collateral challenge to his enhanced federal sentence.

- 12 -

Finally, Stallings cites the Supreme Court's April 23, 2013, decision in *Moncrieffe v. Holder*, ___ U.S. ___, 133 S.Ct. 1678, 185 L.Ed.2d 727 (2013), which held that when determining whether an alien's state conviction qualifies as an "aggravated felony" under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(a)(6)(A)(i), the "categorical approach" must be used to determine whether the state offense is comparable to an offense listed in the INA. The Court held that "[i]f a noncitizen's conviction for a marijuana distribution offense fails to establish that the offense involved either remuneration or more than a small amount of marijuana, the conviction is not for an aggravated felony under the INA." *Moncrieffe*, 133 S.Ct. at 1693-94.

*Moncreiffe* is factually distinguishable, because the present case does not involve the application of the INA. Further, this Court and other district courts have previously concluded that, like *Descamps*, the Supreme Court has not indicated that *Moncrieffe* applies to cases on collateral review. *Henderson v. United States*, No. 05-60040, 2015 WL 3607652, at *3 (W.D. La. Jun. 3, 2015) (denying § 2255 motion to vacate sentence, and holding that the Supreme Court's ruling in *Moncrieffe* was one of statutory interpretation, not a new Constitutional rule); *Griffin v. Warden, Federal Corr. Institution Oakdale*, No. 2:14-CV-823, 2015 WL 929412, at *3 (W.D. La. Mar. 3, 2015) (denying § 2241 petition and noting that the Supreme Court had not declared that either *Descamps* or *Moncrieffe* applies retroactively to cases on collateral review); *Lewis v. J.C. Holland*, No. 6:14-CV-64-DLB, 2014 WL 6633196, at *3 (E.D. Ky. Nov. 21, 2014).

- 13 -

Finally, as discussed in the May 18, 2015, Memorandum Opinion and Order denying the First Kentucky § 2241 Petition, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 **only** if he alleges that he is actually innocent of the federal drug offense of which he was convicted.  Here, Stallings fails to allege that he "stands convicted of 'an act that the law does not make criminal.'"  *Carter v. Coakley*, No. 4:13-CV-1270, 2013 WL 3365139 (N.D. Ohio July 3, 2013) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)).  He challenges only the length of his federal prison term.

The Sixth Circuit has never extended to savings clause to a § 2241 petitioner who seeks to challenge the enhancement of his or her sentence.  In fact, that court has repeatedly held that claims alleging actual innocence of a sentencing enhancement cannot be raised under § 2241.  *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *see also Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ("The savings clause under § 2255(e) does not apply to sentencing claims."); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) (same); *Contreras v. Holland*, 487 F. App'x 287, 288 (6th Cir. 2012) (a prisoner's challenge to his sentencing enhancement under §§ 841 and 846 is not cognizable under § 2241); *Anderson v. Hogsten*, 487 F. App'x 283, 284 (6th Cir. 2012) (same); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) ("[C]laims of sentencing error may not serve as the basis for an actual innocence claim.").

As the savings clause of § 2255 extends only to petitioners asserting a claim of actual innocence regarding their convictions, and not their sentences, Stallings does not allege a valid actual innocence claim.  Finally, Stallings does not assert a cognizable actual innocence

- 14 -

claim because he points to no case that is based upon a new rule of law made retroactive by a Supreme Court case.

**IV.**

For the reasons discussed above, it is hereby

**ORDERED** as follows:

(1)     The Clerk of the Court shall I**DENTIFY**, on the CM/ECF cover sheet, Sandra Butler, Warden of FCI-Manchester, as the Respondent to this proceeding.

(2)     The petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Frank Stallings [Record No. 1] is **DENIED**.

(3)     This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This 5th day of August 2016.

Signed By:

*Danny C. Reeves*  DCR

**United States District Judge**